**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ROBERT LEE MYERS, | : | |
| Inmate No. 103126, | : | |
| Plaintiff, | : | PRISONER CIVIL RIGHTS |
| | : | 42 U.S.C. § 1983 |
| v. | : | |
| | : | |
| FRANK REYNOLDS, | : | CIVIL ACTION NO. |
| Defendant. | : | 1:17-CV-2330-TWT-JSA |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Robert Lee Myers's *pro se* civil rights action filed pursuant to 42 U.S.C. § 1983. (Docs. 1, 4, 6, 12). The matter is before the Court for a frivolity screening pursuant to 28 U.S.C. § 1915A.

I.   28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the alleged facts do not state a

plausible claim for relief. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). If a plaintiff cannot satisfy those requirements, or fails to provide factual allegations in support of the claim, the complaint may be dismissed. *Id.* at 737-38.

II.  Discussion

  A.  Plaintiff's Claims

On June 21, 2017, Plaintiff filed a complaint in this Court against Frank Reynolds, Sheriff of Cherokee County. (Doc. 1). Therein, Plaintiff alleged that he was "kicked by police" and sent to solitary confinement, and that once he was transferred to a different institution he discovered some medical "problems" not previously discovered. (*Id.*). Because there were not enough details, the Court ordered Plaintiff to amend the complaint on June 27, 2017, by, *inter alia*, "providing detailed factual allegations, including the events leading up to, during,

2

and after Plaintiff was kicked and by whom, as well as what injuries and/or medical conditions Plaintiff suffered as a result[.]" (Doc. 2).

Plaintiff filed an amended complaint on July 12, 2017, again naming only Sheriff Reynolds. (Doc. 4). Therein, Plaintiff states that he does not know what officer kicked him and threw him "in the hole." (*Id.* at 3). Plaintiff also attached what appears to be a doctor's report indicating that Plaintiff possibly has a torn rotator cuff. (*Id.* at 6). Because the Court still found the complaint lacked sufficient details to analyze whether Plaintiff stated a claim under § 1983, the undersigned provided Plaintiff with one more chance to amend the complaint on November 21, 2017. (Doc. 11). In another amended complaint, all Plaintiff stated was that "I don't know the names of the officers that did the kicking. I was stuck in 23 hour lockdown." (Doc. 12 at 4). Thus, the only allegations the Court can glean from the complaint are that Plaintiff was kicked by unidentified officers and thrown into the hole, and apparently suffered a torn rotator cuff, which doctors at the prisons in which he was previously incarcerated did not diagnose.

B.  Analysis of Plaintiff's Claims

First, Plaintiff's allegation that he was kicked by unknown officers is a claim of excessive force. In analyzing a claim of excessive force in violation of

3

the Constitution, "[t]he core judicial inquiry . . . [is] . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."[1] *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010); *Hudson v. McMillan*, 503 U.S. 1, 1-2 (1992). Factors courts should consider include the need for application of the force, the relationship between that need and the amount of force used, the threat reasonably perceived by the official, and any efforts made to temper the severity of a forceful response. *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009).

Plaintiff, however, fails to state a viable excessive force claim because, despite this Court's efforts to try to get Plaintiff do so, Plaintiff has provided no factual details to support that claim, *i.e.,* the events leading up to, during, and after Plaintiff was kicked. In short, Plaintiff's vague allegations of being kicked by unidentified "officers" fails to state a claim on which relief could be granted. *See*

---

[1] It is not clear whether Plaintiff was a pre-trial detainee at the time he was housed at the Cherokee County Jail, and conditions of confinement for pre-trial detainees are analyzed under the Fourteenth Amendment Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishments Clause. *See Purcell ex rel. Estate of Morgan v. Toombs Cnty., Ga.*, 400 F.3d 1313, 1318 (11th Cir. 2005). However, "[t]he standard for providing basic human needs to those incarcerated in detention is the same under both the Eighth and Fourteenth Amendments." *Id.* (quotation marks and citations omitted).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level."). Moreover, Plaintiff does not allege that Defendant Reynolds, the only Defendant in this action, participated in the kicking in any manner or that he instituted a custom or policy that resulted in the excessive force.

Nor does Plaintiff connect Defendant Reynolds to his allegations that he was improperly held in segregation for too long or for the alleged deliberate indifference to his serious medical needs. Instead, Plaintiff appears to attach liability to Defendant Reynolds solely based on his position as Sheriff.

Supervisors, however, cannot be held liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *Simpson v. Stewart*, 386 F. App'x 859, 860 (11th Cir. 2010). Indeed, a supervisor can only be liable when he "personally participates in the alleged unconstitutional conduct or when there is a causal connection between [his] actions . . . and the alleged constitutional deprivation." *Chatham v. Adcock*, 334 F. App'x 281, 285-86 (11th Cir. 2009) (citing *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)). A causal connection is established when: (1) the supervisor was on notice, by a history of widespread abuse, of the need to correct

5

the practice that led to the alleged deprivation and failed to do so; (2) the supervisor's policy or custom resulted in deliberate indifference; or (3) the supervisor directed the subordinate to act unlawfully and/or failed to stop the unlawful action. *Id.*; *White v. Thompson*, 299 F. App'x 930, 933 (11th Cir. 2008). "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003). Plaintiff has not met this standard.

Regardless, Plaintiff's claim that unnamed medical officials failed to diagnose his torn rotator cuff at most alleges negligence or medical malpractice, neither of which are actionable under § 1983. "For medical treatment to rise to the level of a constitutional violation, the care must be 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Nimmons v. Aviles*, 409 F. App'x 295, 297 (11th Cir. 2011) (quoting *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991)). Plaintiff must demonstrate that any medical personnel's response to his medical need was more than "merely accidental inadequacy, negligen[ce] in diagnosi[s] or treat[ment], or even [m]edical malpractice actionable under state law[.]" *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (citation and quotations omitted).

In other words, in order to show that any medical staff at any institution was deliberately indifferent to his serious medical needs, Plaintiff must demonstrate that they disregarded a known risk of serious harm by actions constituting more than mere negligence. *See Cagle v. Sutherland*, 334 F.3d 980, 987 (11th Cir. 2003). He has not done so and thus has not stated a deliberate indifference claim under § 1983. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1970) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

Finally, Plaintiff's conclusory allegation that he was in "the hole" for too long also fails to state a claim for relief. As a general matter the Due Process Clause does not protect every change in conditions of confinement having a substantial adverse impact on a prisoner. *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Indeed, only when changes in confinement impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," such as a loss of good-time credits, will any such confinement deprive a prisoner of a constitutionally protected liberty interest. *See Sandin v. Conner*, 515

7

U.S. 472, 484-85.  Plaintiff has not provided any facts that would constitute such an atypical and significant hardship.

II.   Conclusion

Based on the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that this action be **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915A.

**IT IS SO RECOMMENDED** this 30th day of January, 2018.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)